**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YUNMING SONG,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No.  13-74493<br><br>Agency No. A099-726-579<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Yunming Song, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum and

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings, applying the standards

governing adverse credibility determinations created by the REAL ID Act,

*Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the

petition for review.

We do not consider the materials Song references in his opening brief that

are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64

(9th Cir. 1996) (en banc).

Substantial evidence supports the agency's determinations that Song was not

credible based on inconsistencies in his testimony and between his testimony and

documentary evidence as to where and when he lived at various addresses in

China. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable

under the totality of the circumstances). Song's explanations do not compel a

contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We

reject, as unsupported by the record, his contention that the BIA denied his claim

for lack of corroboration, and thus deny his contention that the BIA violated his

due process rights, *see id.* at 1246 (explaining that a petitioner must show error to

prevail on a due process claim). Thus, in the absence of credible testimony, in this

13-74493

case, Song's asylum and withholding of removal claims fail.  *See Farah v.*

*Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**